**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4596**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ALEXIS VILLALTA-MORALES, a/k/a Rikichi,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00121-RJC-DSC-36)

Submitted: February 23, 2017     Decided: February 27, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR. ATTORNEY, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexis Villalta-Morales pled guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise, 18 U.S.C. §§ 1962(d), 1963(a) (2012), attempted murder in aid of a racketeering enterprise, 18 U.S.C. § 1959(a)(5) (2012), and using, carrying, or possessing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c) (2012). The district court sentenced Villalta-Morales below his advisory Sentencing Guidelines range to 204 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Villalta-Morales' counsel has filed a brief certifying there are no meritorious grounds for appeal, but questioning whether Villalta-Morales' sentence is reasonable. Villalta-Morales has filed a pro se supplemental brief. We affirm the district court's judgment.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at

2

49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

In this case, the record establishes that Villalta-Morales' sentence is procedurally and substantively reasonable. In accordance with Anders, we have reviewed the entire record in this case and Villalta-Morales' pro se supplemental brief and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Villalta-Morales, in writing, of the right to petition the Supreme Court of the United States for further review. If Villalta-Morales requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Villalta-Morales.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED